# W. B. FEYEREISEN v. HERMAN G. SCHMAHL.[1]

## March 20, 1925.

## No. 24,439.

**Charge to jury erroneous.**

It was error to instruct the jury that, if a verdict was returned for the respondent, it should be for a certain amount. The instruction was necessarily based on the unwarranted assumption that promissory notes given by the purchaser of a stock of goods were accepted by the seller as the equivalent of cash in hand.

*Headnote. See Brokers, 9 C. J. p. 582, § 80.

Action transferred to the district court for Redwood county to recover a broker's commission. The case was tried before Gislason, J., and a jury which returned a verdict for $2,464.43. Defendant appealed from the judgment entered on the verdict. Reversed.

*A. C. Dolliff* and *Ambrose Tighe*, for appellant.

*A. R. English* and *James H. Hall*, for respondent.

LEES, C.

Appellant was the owner of a stock of merchandise which he disposed of on September 1, 1923, to one J. F. May in exchange for land, a cash payment of $5,000, and six notes from May. Three of the notes amounted to $10,808.54 and were unsecured; the other three amounted to $13,000, and were secured by a real estate mortgage.

Respondent alleges that on September 1, 1922, he was employed by appellant to find a purchaser for his stock and fixtures who would either pay cash or turn over real or personal property acceptable to appellant; that for his services he was to receive a commission of 5 per cent of the cash paid and $2\frac{1}{2}$ per cent of the price at which any property was taken in trade; that, pursuant to the contract of employment, he brought May to appellant, presented him as a prospective purchaser and that appellant made a sale to him.

[1] Reported in 202 N. W. 738.

Appellant's answer was a general denial. The case was submitted to a jury and a verdict of $2,464.43 returned in respondent's favor. A motion for a new trial was denied and this appeal followed.

The court instructed the jury that if they found for the plaintiff, their verdict must be $2,365, plus interest at six per cent. The giving of this instruction is assigned as error in the notice of motion for a new trial.

The terms of the sale were set forth in a written contract, received in evidence and marked Exhibit 1. It recited that the agreed value of appellant's stock was $68,808.54; that in exchange for it appellant was to receive a deed of certain land in Iowa, which was subject to a mortgage of $30,000, and to a drainage assessment of $4,273.23; a deed of city property subject to a mortgage of $1,800; and of other city property subject to a mortgage of $15,000. The value of the city property is not stated. The remainder of the purchase price was represented by the cash payment and the notes already mentioned.

It will be noted that under this contract appellant was to get $5,000 in money, $23,808.54 in notes, and the Iowa property, and we infer from the record that this is what he actually received.

Evidently the trial court was of the opinion that, if the jury found that respondent had been employed to find a purchaser for appellant's stock and had found May, he had earned a commission, and was entitled to receive 5 per cent of the sum total of the notes and cash May gave him and 2½ per cent of the difference between $68,808.54 and the amount of the cash and notes; for, by computing the commission on that basis, we arrive at the amount for which the jury was instructed to return a verdict if they found for the respondent. In other words, the court concluded that, for the purpose of fixing respondent's commission, May's notes whether secured or unsecured should be regarded as the equivalent of cash.

This was error, for under no proper interpretation of the contract can it be said that the notes were the same as cash or that appellant agreed to accept them as the equivalent of cash. The earliest due date of any of the notes was October 10, 1923, and the latest September 1, 1927, and the uncertainty of payment forbids the conclusion that the notes were as good as $23,808.54 cash in hand.

We do not consider the other assignments of error. The questions discussed may not arise when the case is tried again. For the error to which we have referred the judgment is reversed and a new trial granted.